IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

NICOIS M. SMITH,            )
                            )
        Plaintiff,          )
                            )
v.                          ) Case No. CIV-19-187-R
                            )
                            )
STATE OF OKLAHOMA,          )
                            )
        Defendant.          )

# ORDER

Before this Court is Judge Shon T. Erwin's Report and Recommendation ("R&R"), (Doc. 7). In his R&R, Judge Erwin recommends that Plaintiff's complaint (Doc. 1) be dismissed, as the sole defendant—the state of Oklahoma—is immune from suit under the Eleventh Amendment of the United States Constitution. *See id*. at 2–3. Plaintiff has timely objected. *See* Doc. 13.

Judge Erwin construed Plaintiff's complaint as an action pursuant to 42 U.S.C. § 1983, despite Plaintiff titling his complaint as a Writ of Habeas Corpus. *See* Docs. 1, 7. Though his objection to the R&R is difficult to understand, Plaintiff seems to disavow that he is pursuing a § 1983 action. *See, e.g.*, Doc. 17, at 1. Rather, Plaintiff's appears to argue that his complaint "is really the reporting of a crime or spree of premeditated assaults . . . ." *Id*.; *see also id.* at 2 (asserting that the complaint's "sole purpose" is to initiate a criminal case against unnamed parties). Regardless of whether Plaintiff is seeking relief pursuant to § 1983, the Court lacks jurisdiction to order officials to initiate criminal proceedings. *See*

*Rutherford v. Anderson*, 30 F. App'x 828, 829 (10th Cir. 2002); *McCarrell v. Burks*, No. 3:15–cv–00143, 2015 WL 908335, at *2 (M.D. Tenn. Mar. 2, 2015) ("Authority to initiate a criminal complaint rests exclusively with state and federal prosecutors. . . . Thus, this court is without jurisdiction to initiate any investigations of . . . alleged crimes." (internal quotation marks and citations omitted); *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *cf. Shreck v. Lawrence*, No. 07–cv–01418–BNB, 2007 WL 2412818, at *1 (D. Colo. Aug. 20, 2007) ("Courts universally endorse the principle that private citizens cannot prosecute criminal actions.").

In the margins of his objection to the R&R, Plaintiff writes "I've served my sentence date being 3-14-19 still being held." Doc. 13, at 3. Above this he writes "Writ[] of habeas corpus" and draws an arrow from this phrase pointing to his allegation of unlawful detention. *Id*. If Plaintiff intends to file a motion for a writ of habeas corpus on these (or other) grounds, he should do so. But what he has filed is not such a motion, and it fails to state a claim.

Accordingly, Judge Erwin's R&R is adopted in full and Plaintiff's complaint is dismissed.[1]

IT IS SO ORDERED this 25th day of March, 2019.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] With the dismissal of the complaint (Doc. 1), Plaintiff's motions (Docs. 2, 3, 6, 8, 10, 11) are denied as moot.